**Margaret A. FOX, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.**

**No. 04–5116–CV.**

United States Court of Appeals, Second Circuit.

June 15, 2005.

James P. Shea, Flaherty & Shea, Buffalo, NY, for Appellant.

Susan Reiss, Assistant Regional Counsel (Lisa de Soto, General Counsel, Social Security Administration; Barbara L. Spivak, Chief Counsel—Region II, on the brief), New York, NY, for Appellee.

Present: WALKER, Chief Judge, JACOBS, and LEVAL, Circuit Judges.

396

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED.**

Plaintiff-appellant Margaret A. Fox appeals from a judgment entered on September 13, 2004, in the United States District Court for the Western District of New York (Richard J. Arcara, *Chief Judge*) granting defendant's motion for judgment on the pleadings. Familiarity with the facts and procedural history is assumed.

On this Social Security appeal, Fox argues that the district court erred in not remanding the case to the Commissioner of Social Security for consideration of additional evidence of two surgeries appended to her appeal to the district court.

Sentence six of 42 U.S.C. § 405(g) provides in relevant part:

> The court ... may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding....

Only the materiality inquiry of this three-part test is at issue on this appeal. Evidence is "material" if it is "both relevant to the claimant's condition during the time period for which benefits were denied and probative," and also presents "a reasonable possibility that the new evidence would have influenced the Secretary to decide claimant's application differently." *Lisa v. Sec'y of Dep't of Health & Human Servs.,* 940 F.2d 40, 43 (2d Cir.1991) (internal quotation marks omitted).

We conclude that there is "no reasonable possibility" that the two new surgical reports "would have influenced the Secretary to decide claimant's application differently." *Id.* The primary focus of Fox's claim for disability benefits appeared not to be an impairment of her shoulders, but rather the effects of osteoarthritis on her back, knees, hips, neck, and hands. Furthermore, the observations in the new surgical reports are very brief, and come against the backdrop of evaluations of her condition made during the relevant time period that an administrative law judge already considered and found inadequate to support her claim. An administrative appeals judge also already concluded that information from an MRI and from doctor's office visits closer to the relevant period than the surgeries was not sufficient to require reversal.

We have carefully considered Fox's other arguments and find them to be without merit.

Accordingly, and for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**